# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 28, 2025

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CHRISTINA MITCHELL, | \* | PUBLISHED |
| | \* | |
| Petitioner, | \* | No. 19-1534V |
| | \* | |
| v. | \* | Special Master Nora Beth Dorsey |
| | \* | |
| SECRETARY OF HEALTH | \* | Decision Awarding Damages; Influenza |
| AND HUMAN SERVICES, | \* | ("Flu") Vaccine; Immune |
| | \* | Thrombocytopenia Purpura ("ITP"); Pain |
| Respondent. | \* | and Suffering; Lost Wages; Unreimbursable |
| | \* | Expenses. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.
Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 2, 2019, Christina Mitchell ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleges that she suffered chronic immune thrombocytopenia purpura ("ITP") as the result of an influenza ("flu") vaccination administered on October 9, 2016. Petition at Preamble (ECF No. 1). On January 11, 2023, the undersigned

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

issued a Ruling on Entitlement, finding that Petitioner was entitled to compensation. Ruling on Entitlement dated January 11, 2023 (ECF No. 78).

Because the parties were unable to resolve damages, they requested that the Court enter a schedule for damages briefs, and on February 26, 2025, the undersigned issued a Ruling on Damages. Ruling on Damages dated Feb. 26, 2025 (ECF No. 133). That Ruling awarded Petitioner (1) $180,000.00 for pain and suffering and (2) $7,676.42 for past unreimbursed expenses. See id. The parties were directed to have their expert economists calculate the appropriate amount for lost wages in accordance with the undersigned's findings. Id. at 24.

On March 28, 2024, Petitioner filed a joint status report in response to the undersigned's Ruling on Damages. Joint Status Report ("Rept."), filed Mar. 28, 2025 (ECF No. 135). In the joint status report, Petitioner stated "[t]he parties have agreed to . . . $15,150.00 in past lost earnings and $107,355.00 in future lost earnings. These figures already account for the appropriate adjustments for taxes, discount rates, and present value." Id. at 1. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Joint Status Report and Ruling on Damages.

Pursuant to the terms stated in the attached Joint Status Report,

**Petitioner is awarded a lump sum of $310,181.42 (representing $180,000.00 for pain and suffering, $7,676.42 for past unreimbursed expenses, $15,150.00 in past lost earnings, and $107,355.00 in future lost earnings), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.